**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| ANTON REID, | ) | |
| | ) | |
|      Petitioner, | ) | 2:06-cv-2436 JWS |
| | ) | |
|     vs. | ) | ORDER AND OPINION |
| | ) | |
| PHILLIP CRAWFORD, | ) | [Re: Report at Docket 10] |
| | ) | |
|      Respondent. | ) | |
| _____ | ) | |

## I.  MATTER PRESENTED

At docket 10, Magistrate Judge Aspey filed a report recommending that this court order petitioner Reid's immediate removal from the United States, or in the alternative, petitioner's release from federal detention under supervised conditions.  At docket 13, respondent Crawford filed objections to the report.  At docket 15, respondent filed a supplement, in which he notified the court that petitioner had filed an action in the Ninth Circuit on March 2, 2007, and obtained a temporary judicial stay of removal.  At docket 17, petitioner responded to the supplement at docket 15.

1

## II.  STANDARD OF REVIEW

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1]  When reviewing a magistrate judge's report and recommendation in a habeas case, the district court reviews *de novo* conclusions of law[2] and findings of fact to which parties object.[3]  The court reviews for clear error uncontested findings of fact.[4]

## III.  DISCUSSION

The court has reviewed the report and recommendation according to the standard recited above.  This court finds that the report accurately sets out the facts of the case as they existed at the time the report was written with the following clarification: The report refers to custody reviews conducted by United States Immigration and Customs Enforcement as "bond hearings."[5]  These reviews appear to have been file custody reviews with no opportunity for personal appearance by the petitioner and no indication that these reviews took place before an immigration judge.[6]  Accordingly, this

---

[1]28 U.S.C. § 636(b)(1).

[2]*Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

[3]28 U.S.C. § 636(b)(1).

[4]*Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 906 (3d Cir. 1992).

[5]Doc. 10 at 22 (Magistrate Judge Aspey noting that "neither of Petitioner's 'individualized' bond hearings gave proper weight to all of the equities weighing in favor of Petitioner's release on bond pending his removal").

[6]Doc. 6, Ex. 11, 12, 13, 14 (Notices of Custody Review and Decisions of Custody Review).

2

court adopts the recommended finding of fact with the preceding clarification.

There is a significant development which occurred subsequent to the report which this court must take into account. Respondent's supplement at docket 15 shows that petitioner's custody situation has changed. Petitioner Reid filed a petition for review in the Ninth Circuit Court of Appeals, and the appellate court has ordered a temporary stay of removal effective March 2, 2007,[7] which remains in effect. Based on this court's study of the docket in the Court of Appeals, it appears that the Ninth Circuit has noted that it may lack jurisdiction, but that matter is not likely to be resolved until June or later.

In his report, Magistrate Judge Aspey correctly proceeded on the basis that Reid was in custody pursuant to 8 U.S.C. § 1231, governing the detention of aliens whose order of removal is final. Applying the law to the facts as they then existed, the magistrate judge recommended the relief noted above. However, now that the Court of Appeals has stayed Reid's removal, this court cannot order either prong of the relief recommended by the magistrate judge. This court cannot order immediate removal from the United States, because removal has been stayed by a higher court. This court cannot order petitioner's release from custody on the grounds in the report, because Reid is either once again in custody pursuant to 8 U.S.C. § 1226(c) or he is in custody under 8 U.S.C. § 1226(a). Whichever it may be, he is not in custody pursuant to the statute which was central to the recommendations given to this court.

Even if the current detention were pursuant to 8 U.S.C. § 1231, this court has some concern about whether petitioner Reid carried his burden to provide "good reason

---

[7]Doc. 15, Attachment, Case Number 07-70836.

to believe that there is a significant likelihood of removal in the reasonably foreseeable future" as required by *Zadvydas v. Davis*.[8]  It appears the magistrate judge relied on the proposition that the lengthy passage of time here was sufficient by itself to shift the burden to respondent to show that there is no significant likelihood of removal in the reasonably foreseeable future.  Even if warranted where so much time has passed,[9] that proposition could not have been adequately foreseen by respondent, so this court will use some of the time required for the Ninth Circuit to act on Reid's pending case to give respondent a chance to present such evidence.[10]

Given the present state of the record, this court concludes that it cannot adopt the conclusions of law recommended by the magistrate judge and furthermore concludes that the record is insufficient to allow this court to either grant or deny relief.

To bring this matter to a conclusion, this court must know when the Court of Appeals' stay has been lifted, which would make clear that Reid's custody is pursuant to § 1231.  To that end, petitioner and respondent are each separately tasked with the responsibility to file a notice in this court as soon as the stay entered by the Ninth Circuit is lifted.

This court also finds it appropriate to require respondent to augment the record with evidence showing why in his view, there is a significant likelihood that Reid will be

---

[8]533 U.S. 678, 701 (2001).

[9]*Cf.*, *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005) (interpreting 8 U.S.C. § 1226 to require relief where a similar period of time had passed to avoid potential constitutional infirmity).

[10]The court is not now holding that the magistrate judge was correct to have relied on such a proposition.  However, if respondent does provide adequate evidence, the validity of the proposition would become a moot point.

4

removed in the foreseeable future assuming Reid's current case in the Ninth Circuit is terminated and the stay lifted. Respondent shall file appropriate affidavits and/or properly authenticated documentary evidence within 45 days from the date of this order addressing that topic. The magistrate judge shall have authority to order additional proceedings, if upon examination of respondent's evidence he finds they are needed.

## IV.  CONCLUSION

For the reasons above:

**IT IS ORDERED:**

(1)  This court accepts the recommended findings of fact in the report at docket 10 with the clarification noted above, but declines to adopt the recommended conclusions of law at docket 10 at this time.

(2) Petitioner Reid and respondent Crawford shall each monitor petitioner's current case in the Court of Appeals and file a notice in this case immediately if and when the Court of Appeals' stay on petitioner's removal is lifted

(3) Within 45 days from the date of this order, respondent shall file such evidence as he believes shows that there is a significant likelihood that Reid will be removed in the foreseeable future following the lifting of the stay in Reid's current case in the Court of Appeals.

(4) This case is returned to the docket of Magistrate Judge Aspey for the purpose of reviewing any notice filed pursuant to this order and for review of such evidence as

respondent may present with respect to when Reid will be removed, and for such other proceedings as the magistrate judge may order consistent with this order.

(5) The magistrate judge shall file an amended report with recommendations for the disposition of this case as soon as possible after receiving notice that the stay ordered by the Court of Appeals has been lifted.

DATED at Anchorage, Alaska, this 4th day of April 2007.


/s/  JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE